FILED
**United States Court of Appeals**
**Tenth Circuit**

**June 24, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

SHE LER YER LEE,

　　Defendant - Appellant.

No. 24-1115
(D.C. No. 1:23-CR-00308-DDD-2)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

　　She Ler Yer Lee was indicted on one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1).  He moved to dismiss the indictment on the ground that § 922(g)(1) is unconstitutional under the Second Amendment, both facially and as applied to him.  The district court denied the motion.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Lee pled guilty and was sentenced to 36 months in prison followed by three years of supervised release.

On appeal, Mr. Lee renews his argument that § 922(g)(1) is facially unconstitutional under the Second Amendment, citing *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024). Our precedent forecloses this argument.  We rejected a Second Amendment challenge to § 922(g)(1) in *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009).  And while Mr. Lee's case was pending on appeal, we decided that *McCane* remains good law after *Bruen* and *Rahimi*.  *See Vincent v. Bondi*, 127 F.4th 1263, 1265-66 (10th Cir. 2025).

Mr. Lee also argues that § 922(g)(1) cannot constitutionally apply to him because his felony convictions were for nonviolent offenses.  Aplt. Br. at 11-12.  But *McCane* "upheld the constitutionality of § 922(g)(1) for all individuals convicted of felonies," including "nonviolent offenders."  *Vincent*, 127 F.4th at 1266 (upholding § 922(g)(1) conviction as applied to defendant previously convicted of bank fraud).

Given *Vincent*'s holding that *McCane* remains binding, our precedent forecloses Mr. Lee's facial and as-applied challenges to § 922(g)(1).  We affirm the district court's judgment.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge
